```
                                           FILED
1  MICHAEL YDIGORAS
   44155 Margarita Rd., #131             2018 MAR -7 PM 2:05
2  Temecula, CA 92592
   760-274-7373
3  wengen@live.com                       M. FERNANDEZ-KAHAKAUWILA, CLERK
                                              SECOND CIRCUIT COURT
4                                                STATE OF HAWAII

   MICHAEL YDIGORAS, IN PRO PER
5
```

### UNITED STATES DISTRIC COURT

### OF THE SECOND CIRCUIT FOR THE STATE OF HAWAI'I

### WAILUKU DIVISION

| | |
|---|---|
| MICHAEL YDIGORAS | DC-CIVIL  18-1-0240 |
| Plaintiff, | Case No.: *(To be filled in by Clerk's office)* |
| vs. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |
| HALE MAHAOLU<br>HALE MAHAOLU, LLC | Judge:<br>Dept<br>Action Filed:<br>Trial Date: |
| Defendant. | *(To be filled in by Clerk's office)* |

### STATEMENT OF FACTS

1) Plaintiff, Michael Ydigoras, is permanently disabled with a history of mobility impairment, intractable pain, and chronic life threatening illness.

2) Hale Mahaolu, LLC also doing business as Hale Mahaolu will in this pleading be referred to henceforth as Hale Mahaolu.

3) In or about April of 2016 as an ADA, Americans with Disabilities Act, Reasonable Accommodation of Modification of Policy and Procedure Hale Mahaolu granted Plaintiff residing in California, a meeting at the offices of Hale Mahaolu 200 Hina Ave.,

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

I hereby certify that this is a full, true and correct copy of the Original.

Clerk, Second Circuit Court

**Exhibit "A"**

1  Kahului, Hawai'I 96732. This meeting facilitated by then Executive Director of Hale Mahaolu, Mr. Roy Katsuda was in order to allow Mr. Ydigoras to meet the face to face meeting requirement of Hale Mahaolu. The modification of policy and procedure granted allowed Mr. Ydigoras to make one application to Hale Mahaolu and have that one application be submitted to all Hale Mahaolu properties in existence and slated for opening from that date until residency was established as it would not be reasonable to have Mr. Ydigoras travel to meet with each property manager from California so the one meeting was for all future availabilities.

4) On January 2, 2018, Plaintiff submitted a formal demand letter to Hale Mahaolu's new Executive Director and Legal Agent, Mr. Grant Y.M. Chun, stating:

5) "I am permanently disabled. For five years I have experienced discrimination, refusal of housing, and continued barring from processing my residency. In 2012, I was scheduled for a September 2012 move in but the manager gave unit to another. We made our telephone and email records of incoming and outgoing calls available to law enforcement and the HCRC, Hawaii Civil Rights Commission investigated and confirmed that Hale Mahaolu had not contacted us either in writing nor by telephone as claimed by Hale Mahaolu before giving unit we were scheduled for move in to another. We had liquidated our household and then told not to move as scheduled. In 2012 it was communicated that we still wanted Housing but as the offending Hale Mahaolu manager had promised retaliation to have us removed if we ever became residents, it was after said manager resigned that in 2016 Mr. Katsuda as an ADA Reasonable Accommodation had me meet with Property Managers of Hale Mahaolu to fulfill the "face to face interview" requirement of Hale Mahaolu.

6) In consideration of my already having been turned away and out of my due diligence having to wait for the Hale Mahaolu manager to resign who had vowed retaliation to render my household homeless if we were to reside at Hale Mahaolu, Mr. Katsuda should have at the 2016 meeting made it right by affording my household the next

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

availability. Instead he had placed me on the bottom of several waitlists. Approximately 18 months later one unit was offered but without sufficient time to even follow HUD requirements of giving appropriate notice for the current Housing Choice Voucher contract and the porting of the voucher. This past year another unit was offered but then a letter followed retracting offer stating it was offered by mistake.

7) Whether the discrimination was based on disability, orientation or other protected status, the stress of the constant unproductive communication with Mr. Katsuda and Ms. Behn and for not making things right in fulfilling obligation to restore me to where I was when offered a unit and having to wait till the Hale Mahaolu employee promising retaliation was gone as he was not removed and then made to feel unwelcomed again since 2016 culminated in cardiac arrest, heart failure.

8) My injuries: After five years of continued discrimination and unhealthy stress by Hale Mahaolu, on or about January 31, 2017, I was severely injured suffering cardiac failure. My initial Medical specials are well over $150,000. Hospitalization alone over $92,000 followed by months of post cardiac physical therapy, ER, as well as suffering a reduced quality of life. Attached are sample pages of MediCare expenditures.

My doctors have advised me my condition has reached a stabilized level of medical improvement despite in the month of December 2017 having a heart halter monitor revealing an arrhythmia.

While still suffering a reduced quality of life, I must bring this matter to a conclusion. I am writing you Mr. Chun as the new Executive Director of Hale Mahaolu and also as the legal agent for Hale Mahaolu in a good faith effort to amicably settle my claim for less than a third of the amount of total medical specials and damages. The amount sought is $50,000.

9) Now into the 7th calendar year not only did Hale Mahaolu and Mr. Katsuda not make things right but actively in concert with Ms. Libby Behn systemically had been uncooperative. Our telephone logs of calls with Hale Mahaolu as well as calls and emails to HUD, the Housing Authority and, again, to The Hawaii Civil Rights Commission as well as written

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

communication bear out the resistance exhibited by Mr. Katsuda, and his assistant Ms. Libby Behn as representatives of Hale Mahaolu toward my household. Even the USPS has records of investigation as the Maui Postmaster was contacted when regular U.S. mail to Hale Mahaolu went unanswered and subsequent certified return receipt mail was refused by Ms. Behn who also refused to allow the use of electronic communication, ie: email.

10) As a point of fact, Mr. Katsuda while claiming to be allowing me access to housing of Hale Mahaolu did not avail me of the lottery for the Kulamalu Hale Apartments. Subsequently, Mr. Katsuda when asked directly stated that they were full when again as a point in fact the Maui Now publication dated July 19, 2017 stated: "Applications continue to be accepted for the one- and two-bedroom apartments at the County of Maui's 56-unit Kulamalu Hale apartment rentals in Pukalani."

11) Additionally there was resistance to answering ADA Reasonable Accommodation requests regarding my medically prescribed animals as noted by County of Maui Housing Division Fair Housing Coordinator.

12) Thank you for your review of my personal injury demand letter. I would appreciate your response towards settlement before my filing suit February of 2018.

13) In Hale Mahaolu's counsel response, dated February 20, 2018, Ms. Hanakahi incorrectly stated "no such agreement to automatically place you on waitlists of new properties" also stating..." specify the housing sites in which he wishes to reside. This procedure applies to everyone ..." The April 2016 meeting at the Hale Mahaolu offices to which Plaintiff traveled from California was an ADA reasonable Accommodation of Modification of Policy and Procedure. The Modification of Policy and Procedure provided at that meeting was to allow Plaintiff access to the multiple Hale Mahaolu properties at once.

14) Also in direct contradiction to Ms. Hanakahi's incorrect assertion of not automatically being added to a property's waitlist, Ms. Hanakahi included a letter dated 02/13/18 adding Plaintiff to waitlist of the Hale Mahaolu Ekolu property to which

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

4

Plaintiff had not specified an interest. Additionally the 02/13/18 letter was sent to Plaintiff's wrongly address unit number.

15) Hale Mahaolu's legal counsel, Ms. Hanakahi in her February 20, 2018 response to Plaintiff's letter dated January 2, 2018 reinforced the Plaintiff's experience of retaliatory behavior in the violation of his civil rights as he was further falsely accused of behavior Plaintiff categorically denies. Her letter states, "Mr. Ydigoras's frequent phone calls to Hale Mahaolu's Central Office and the abusive and argumentative nature of those calls have been distressing and harassing to the employees who work there. Hale Mahaolu counsel also bandied terms such as "threatening."

16) Hale Mahaolu's casting of aspersions upon Plaintiff is horrid, insulting, hurtful, and slanderous. Plaintiff is documented as having multiple medical issues, severely shortened life expectancy, and as Disabled person should not be impugned so viciously for requesting to have the new Executive Director be informed of Plaintiff's complaint.

17) To be clear, Michael Ydigoras, the Plaintiff not only believes his civil rights as a Disabled Person under the Americans with Disabilities Act have been violated but believes and feels he has been emotionally raped and violated by Hale Mahaolu.

## CLAIM

18) I, Michael Ydigoras, claim that my Civil Rights as a member of a protected class, as a Disabled Person have been violated by Hale Mahaolu's failure to abide by and honor its 2016 grating of my ADA Reasonable Accommodation Request for Modification of Policy and procedure when in 2017 Hale Mahaolu failed to permit me not only participation in Lottery for the Kulamalu Hale Apartments but also when refusing to allow me on waitlist. Additionally, Hale Mahaolu has continued in systemic pattern of resistance to communication and retaliatory behavior as exhibited in writing from Hale Mahaolu legal counsel Ms. Wendy F. Hanakaki in her letter dated February 20, 2018.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

19) Not only have my Civil Rights been violated as a Disabled Person and perhaps as well as a protected class based on Sexual Orientation, I also have had deterioration in my health from the continuous stress including Cardiac Failure.

20) The slanderous false accusations levied against me by Ms. Hanahaki, counsel for Hale Mahaolu on February 20, 2018 were also hurtful and indicative of the degree to which Hale Mahaolu employees, such as Elizabeth, "Libby" Behn and previous manager Mr. Jason Smith have been willing to go to actively fulfill their vowed intent to be retaliatory upon Plaintiff and ascribe any matter of action that would allow Hale Mahaolu to render Plaintiff homeless if ever Mr. Ydigoras were to secure residency at a Hale Mahaolu property.

21) Violations may include: **The Americans with Disabilities Act (ADA)** which became law in 1990. The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else. The ADA gives civil rights protections to individuals with disabilities similar to those provided to individuals on the basis of race, color, sex, national origin, age, and religion. It guarantees equal opportunity for individuals with disabilities in public accommodations, employment, transportation, state and local government services, and telecommunications. In addition to the ADA, violations may include multiple federal, state and local regulations.

### REQUEST FOR RELIEF

22) I respectfully would request of the Court that I be compensated for the violation of my civil rights, the abusive retaliatory behavior experience by the actions of Hale Mahaolu and employees of Hale Mahaolu, and the pain, suffering, and further negative impact upon my health experienced.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

23) I am requesting the sum of $28,000. Plaintiff made a good faith attempt for resolution in writing the new Executive Director on January 2, 2018. The demand letter was submitted before filing this civil complaint and in attempt to reach the new Executive Director as previous attempts had been hindered by Ms. Behn. Rather than a reciprocal good faith response from Hale Mahaolu, instead Plaintiff was subjected to further abusive behavior of false accusations. I believe my request to be just and fair as the possibly of ever having the trust of personal safety and peaceable enjoyment of a residency at a Hale Mahaolu property on Maui were irreparably voided by Hale Mahaolu

24) I would leave the addition of any punitive award amounts to the discretion of the judge as it would please the court.

DATED: February 26, 2018

MICHAEL YDIGORAS
In Pro Per

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

7

| SUMMONS | | Form #2DC50 |
|---|---|---|
| **IN THE DISTRICT COURT OF THE SECOND CIRCUIT**<br>**WAILUKU** ☐ **DIVISION**<br>**STATE OF HAWAI‘I** | | **FILED**<br>2018 MAR -7 PM 2:05<br><br>M. FERNANDEZ-KAHAKAUWILA, CLERK<br>SECOND CIRCUIT COURT<br>STATE OF HAWAII |
| Plaintiff<br>Michael Ydigoras<br><br>44155 Margarita Rd., #131<br>Temecula, CA 92592<br>760-274-7373 | | Reserved for Court Use |
| | | Civil No.   DC-CIVIL   **18-1-0240** |
| Defendant<br>Hale Mahaolu<br>Hale Mahaolu, LLC<br><br>LEGAL AGENT: GRANT Y.M. CHUN<br>200 HINA AVE, OFC<br>KAHULUI, Hawaii 96732<br>UNITED STATES<br>808.872.4100 | | Filing Party/Attorney Name, Attorney Number, Firm Name (if applicable), Address, and Telephone Number<br><br>Michael Ydigoras In Pro Per<br>44155 Margarita, RD., #131<br>Temecula, CA 92592<br>760-274-7373 |

**SUMMONS**

**THE STATE OF HAWAI‘I:**

**TO:** The Director of Public Safety of the State of Hawai‘i, the Director's deputy, or any police officer or other person authorized by the laws of the State of Hawai‘i:

    This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a Judge permits, in writing on this Summons, personal delivery during those hours.

**TO THE DEFENDANT:**

   You are required to file a written answer or appear before the District Judge of this Court, in the Judge's Courtroom, on the day and at the time designated by the checked box on page 2. If the Defendant is a corporation or limited liability company, Hawai‘i law requires it to be represented by an attorney licensed to practice in the State of Hawai‘i.

   **IF YOU OR YOUR ATTORNEY FAIL TO ATTEND THE COURT HEARING AT THE TIME AND PLACE DESIGNATED OR FILE A WRITTEN ANSWER A DEFAULT JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

| Date: **MAR - 7 2018** | Clerk | /sgd/ M. FERNANDEZ-KAHAKAUWILA (seal) |
|---|---|---|

SEE PAGE 2

(Rev. 1/23/2018)   Page 1 of 2

I hereby certify that this is a full, true and correct copy of the Original. Form#2DC50

Clerk, Second Circuit Court

COURT ADDRESSES AND RETURNABLE DAYS:

☑ **Wailuku Division, 2145 Main Street, Courtroom 3C, Third Floor, Wailuku, Hawai'i**

- ☑ at 9:00 a.m. on the second **Monday** following date of service, and should that **Monday** be a legal holiday, then upon the next **Monday** for summary possession.

or

- ☐ at 8:30 a.m. on the second **Monday** following date of service, and should that **Monday** be a legal holiday then upon the next **Monday**.

☐ **Lahaina Division, 1870 Honoapiilani Highway, Lahaina, Hawai'i** (across Lahaina Civic Center Complex)

- ☐ at 8:30 a.m. on the second **Thursday** following date of service, and should that **Thursday** be a legal holiday then upon the next **Thursday**.

☐ **Hana Division, 4974 Uakea Road, Hana, Hawai'i** (Hana Cultural Center, Corner of Uakea Road and Keanini Drive)

- ☐ at 9:00 a.m. on the first **Friday** of the next month following date of service, and should that **Friday** be a legal holiday then upon the next **Friday** of the next month..

☐ **Lana'i Division, 312 8th Street, Lana'i City, Hawai'i**

- ☐ at 10:00 a.m. on the third **Tuesday** of the next month following date of service, and should that **Tuesday** be a legal holiday then upon the third **Tuesday** of the following month.

*Mailing Address for the above Courts:* 2145 Main Street, Room 106, Wailuku, Hawai'i 96793

☐ **Molokai Division, 55 Makaena Place, Kaunakakai, Hawai'i**

- ☐ at 9:00 a.m. on the second **Tuesday** of the month following date of service, and should that **Tuesday** be a legal holiday then upon the second **Tuesday** of the following month.

*Mailing Address for Molokai Court:* P.O. Box 284, Kaunakakai, Hawai'i 96748



In accordance with the *Americans with Disabilities Act* and other applicable state and federal laws, if you require an accommodation for a disability when working with a court program, service, or activity, please contact the District Court Administration Office at PHONE NO. 244-2800, FAX 244-2849, or email adarequest@courts.hawaii.gov at least ten (10) working days before your proceeding, hearing, or appointment date.

For all Civil related matters, please call 244-2706 or visit the Service Center at 2145 Main St, Room 141, Wailuku, Hawai'i.